**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich (SBN 319508)
msincich@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: 818-347-3333 | Fax: 818-347-4118

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
7095 Indiana Ave Ste 200
Riverside, CA 92506
(951) 682-9311
Email: trentpackerlaw@gmail.com

*Attorneys for Plaintiff,*
TIMOTHY HELMAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HELMAN, | Case No. 5:24-cv-02209 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | Pursuant to 42 U.S.C. §1983: |
| CITY OF HEMET; PATRICK SOBASZEK; and DOES 1-10, inclusive, | 1. Excessive Force<br>2. Denial of Medical Care<br>3. Unconstitutional Custom, Practice, or Policy<br>4. Ratification<br>5. Failure to Train |
| Defendants. | Pursuant to State Law:<br>6. Battery<br>7. Negligence<br>8. Violation of the Bane Act (Cal. Civil Code §52.1)<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff TIMOTHY HELMAN, individually, for their Complaint against CITY OF HEMET; PATRICK SOBASZEK; and DOES 1-10, inclusive and hereby alleges as follows:

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. §1983 and the Fourth Amendment of the United States Constitution.

2.    This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. §1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.    Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred within this district.

4.    On or around April 24, 2024, Plaintiff served his comprehensive and timely claim for damages with the CITY OF HEMET pursuant to applicable sections of the California Government Code. On April 30, 2024, the CITY OF HEMET denied Plaintiff's claim.

## INTRODUCTION

5.    This civil rights action seeks compensatory and punitive damages arising out of the violation of both federal and state law including the use of excessive and unreasonable force against Plaintiff TIMOTHY HELMAN ("PLAINTIFF") by Defendants CITY OF HEMET ("CITY"), PATRICK SOBASZEK ("SOBASZEK"), and City of Hemet Police

Department ("HPD") Officer DOES 1-10, inclusive, on December 7, 2023, at approximately 7:30 p.m., in Hemet, California. Defendants caused PLAINTIFF'S injuries, harm, and damages when SOBASZEK unnecessarily and unjustifiably shot PLAINTIFF, including to the back.

6.    PLAINTIFF suffered serious bodily injury as a direct and proximate result of the actions and inactions of Defendants CITY and SOBASZEK. Defendant SOBASZEK is directly liable for his nonfeasance and malfeasance and for PLAINTIFF'S harm, injuries, and damages under federal law pursuant to 42 U.S.C. §1983 and under state law pursuant to Cal. Govt. Code §§820, 820.4, 820.8, and 821.8, Cal. Civ. Code §52.1, and Cal. Code. of Civ. Pro. §1021.5. Defendant CITY is directly liable for its conduct pursuant to 42 U.S.C. §1983 and *Monell*, and vicariously liable for the acts and omissions and for the nonfeasance and malfeasance of Defendants SOBASZEK and DOES 1-10 pursuant to Cal. Govt. Code §§820(a), 815.2(a), and 815.6.

7.    Defendant DOES 1-5 ("OFFICER DOES"), inclusive, caused PLAINTIFF'S various injuries, as described herein, either directly or by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident. Defendant DOES 1-5, inclusive, unreasonably escalated the situation and failed to de-escalate the situation. The conduct of Defendant DOES 1-5 was part and parcel with the unreasonable shooting of PLAINTIFF while he was not an immediate threat of death or serious bodily injury to any person.

8.    Defendants CITY OF HEMET and DOES 6-10, inclusive, also caused PLAINTIFF'S various injuries and are liable under federal law and under the principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and its progeny.

9.     This action is in the public interest as PLAINTIFF seeks by means of this civil rights action to hold accountable those responsible for the serious bodily injury inflicted by Defendant SOBASZEK and by CITY'S ratification, failure to train, and policy of inaction in the face of serious constitutional violations, as well as the unlawful custom and practice with respect to the use force.

10.     PLAINTIFF seeks compensatory damages from Defendants for the violation of PLAINTIFF'S various rights under the United States Constitution in connection with SOBASZEK'S use of excessive and unreasonable deadly force. PLAINTIFF seeks punitive damages from Defendants SOBASZEK and OFFICER DOES only, and not Defendant CITY.

## **PARTIES**

11.     TIMOTHY HELMAN ("PLAINTIFF") is the Plaintiff in this action and was an individual residing in the County of Riverside, California.

12.     At all relevant times, Defendant CITY OF HEMET ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Hemet Police Department ("HPD") and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the HPD and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of Defendants SOBASZEK, and DOES 1-10, inclusive.

13.    At all relevant times, Defendant Detective PATRICK SOBASZEK ("SOBASZEK") was a duly appointed CITY officer, employee and/or agent of CITY, subject to the oversight and supervision of CITY'S elected and non-elected officials. At all relevant times, Defendant SOBASZEK acted under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of CITY and the HPD, and under the color of the statutes and regulations of the State of California. At all relevant times, SOBASZEK acted within the course and scope of his employment as a sworn CITY police officer. On information and belief, SOBASZEK is and was at all relevant times a resident of this judicial district. Defendant SOBASZEK used excessive and unreasonable deadly force against PLAINTIFF, including by shooting him in the back.

14.    At all relevant times, Defendant DOES 1-5, inclusive, were duly appointed HPD officers, sergeants, lieutenants, employees and/or agents ("OFFICER DOES") of Defendant CITY, regardless of rank or title, subject to the oversight and supervision by CITY'S elected and non-elected officials. At all relevant times, OFFICER DOES were acting within the course and scope of their employment and under color of law, to wit, under the color of statutes, ordinances, regulations, policies, customs, and usage of Defendant CITY and the HPD, and under color of the statutes and regulations of the State of California. At all relevant times, OFFICER DOES were acting as the agents of Defendants CITY and DOES 6-10, inclusive. At all relevant times, OFFICER DOES were acting with the complete authority and ratification of their principal, Defendant CITY.

15.    Defendants DOES 6-10 ("SUPERVISOR DOES"), inclusive, are managerial, supervisorial, or policymaking employees of Defendant CITY who were acting under color of law within the course and scope of their duties as supervisorial officials for the HPD. At all relevant times,

SUPERVISOR DOES were under the legal duty to oversee and supervise the hiring, conduct and employment of OFFICER DOES. At all relevant times, SUPERVISOR DOES were acting with the complete authority of their principal, Defendant CITY.

16.    The true names and capacities, whether individual, corporate, association or otherwise of Defendant DOES 1-10, inclusive, are unknown to PLAINTIFF, who otherwise sues these Defendants by such fictitious names. PLAINTIFF will seek leave to amend this complaint to show the true names and capacity of Defendant DOES 1-10 when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

17.    PLAINTIFF is informed and believes, and on that basis alleges, that Defendants acted at all times mentioned herein as the actual and/or ostensible agents, employees, servants, or representatives of each other and, in performing the acts alleged herein, acted within the scope of their authority as agents and employees, and with the permission and consent of each other.

18.    All the acts complained of herein by PLAINTIFF against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Also, Defendants and their agents ratified all the acts complained herein.

19.    PLAINTIFF is informed and believes, and on that basis alleges, that at all times mentioned herein all individual Defendants, including SOBASZEK, OFFICER DOES, and SUPERVISOR DOES, acted under the color of law, statute, ordinance, regulations, customs and usages of the State of California and Defendant CITY.

20.     Pursuant to Cal. Govt. Code §815.2(a), Defendant CITY is vicariously liable for the nonfeasance and malfeasance of Defendants SOBASZEK, OFFICER DOES, and SUPERVISOR DOES as alleged by PLAINTIFF'S state law claims. ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). Defendants SOBASZEK, OFFICER DOES, and SUPERVISOR DOES are liable for their nonfeasance and malfeasance pursuant to Cal. Civ. Code §820(a). Defendant CITY is also liable pursuant to Cal. Govt. Code §815.6.

21.     PLAINTIFF suffered serious bodily injury as a direct and proximate result of the actions of Defendants CITY, SOBASZEK, OFFICER DOES, and SUPERVISOR DOES. Defendants CITY, SOBASZEK, OFFICER DOES, AND SUPERVISOR DOES are directly liable for PLAINTIFF'S harm, injuries, and damages under federal law pursuant to 42 U.S.C. §1983.

22.     All Defendants who are natural persons, including Defendants SOBASZEK, OFFICER DOES, and SUPERVISOR DOES are sued individually and/or in their capacity as officers, supervisors, agents, policy makers, and representatives (regardless of rank or title) of Defendant CITY and the HPD; and punitive damages are only being requested as to these Defendants, and not Defendant CITY.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

23.     PLAINTIFF repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

PLAINTIFF'S COMPLAINT FOR DAMAGES

24.     PLAINTIFF sustained injuries, harm, and damages when Defendant SOBASZEK used excessive and unreasonable force against him, including when SOBASZEK shot PLAINTIFF multiple times, including to the back, and when Defendants SOBASZEK and OFFICER DOES used negligent tactics in contacting PLAINTIFF before, during and after the use of excessive and unreasonable force.

25.     Upon information and belief, on December 7, 2023, at approximately 7:30 p.m., at or around Florida Ave, between 4th Street and 1st Street, Hemet, California 92545, in the County of Riverside, Defendant OFFICER DOES and SOBASZEK seized PLAINTIFF without reasonable suspicion and arrested him without probable cause. Defendants SOBASZEK and OFFICER DOES did not see a crime in progress, did not see PLAINTIFF doing anything that would indicate a crime was about to be committed, and were not responding to a call for service. PLAINTIFF had the right not to speak with Defendants SOBASZEK and OFFICER DOES. PLAINTIFF also had the right to walk or run away from Defendants SOBASZEK and OFFICER DOES. PLAINTIFF then exercised his rights, whereas Defendants SOBASZEK and OFFICER DOES targeted PLAINTIFF followed by Defendant SOBASZEK using deadly force against PLAINTIFF.

26.     At the time, Defendants SOBASZEK and OFFICER DOES were in an unmarked patrol vehicle wearing plain clothes. Defendant SOBASZEK was and is a member of the Riverside County Regional Gang Task Force ("GTF"), formed in 2006, and is known in the community for its aggressive tactics. Several GTF team members have unjustifiably and unreasonably shot fleeing individuals in the back when the individuals were not an immediate threat of death or serious bodily injury to any other person, including the involved GTF members.

PLAINTIFF'S COMPLAINT FOR DAMAGES

27.     Upon information and belief, after a brief foot pursuit, Defendant SOBASZEK used excessive and unreasonable deadly force against PLAINTIFF. At all relevant times, PLAINTIFF was not suspected of committing a crime and was not threatening Defendants SOBASZEK or OFFICER DOES or any other person. Defendants SOBASZEK and OFFICER DOES were not responding to a crime committed by PLAINTIFF and PLAINTIFF was not suspected of having committed a crime. Defendants SOBASZEK and OFFICER DOES did not have reasonable suspicion to detain PLAINTIFF, did not have probable cause to arrest PLAINTIFF, and intentionally used excessive and unreasonable deadly force against PLAINTIFF in reckless disregard of his Constitutional rights.

28.     As the foot pursuit neared 44161 Florida Ave, in an illuminated area in front of the "Mickey's Liquor," Defendant SOBASZEK shot PLAINTIFF without warning, despite the availability of reasonable alternative measures, and while PLAINTIFF was not an immediate threat of death or serious bodily injury to any person, including Defendants SOBASZEK and OFFICER DOES.

29.     PLAINTIFF suffered serious bodily injury as a result of being shot by Defendant SOBASZEK, including: nearly dying; requiring the use of a ventilator; requiring several surgeries; and suffering several broken bones. Defendants SOBASZEK and OFFICER DOES also failed to provide and timely summon timely medical care for PLAINTIFF. Further, the City through HPD was negligent in its hiring, training, retention, and supervision of its sworn police officers. Defendants SOBASZEK and OFFICER DOES, under color of law and in the course and scope of their employment as police officers for the City of Hemet, used excessive and unreasonable force against PLAINTIFF, and were negligent in their actions and omissions before, during, and after their use of force.

1    30.    Defendants SOBASZEK and OFFICER DOES displayed

2  negligent tactics throughout the incident including, but not limited to,

3  regarding the officers' positioning, planning, communication amongst

4  officers, commands given or not given, warning that deadly force would be

5  used, distance management, threat assessment, use of force, escalation of the

6  situation, de-escalate the situation, and provision of or timely summoning of

7  medical care for PLAINTIFF.

8    31.    Further, Defendants SOBASZEK and OFFICER DOES'S

9  intentional, deliberately indifferent, and negligent actions and inactions were

10  unreasonable and in violation of basic police officer training, including when

11  Defendant SOBASZEK used deadly force against PLAINTIFF and

12  OFFICER DOES permitted and/or failed to intervene in SOBASZEK'S use

13  of force, indicating a deficiency in CITY'S and HPD'S training policies for

14  such a serious public issue.

15    32.    As a direct and proximate result of Defendants SOBASZEK and

16  OFFICER DOES'S actions, omissions, and misjudgments, including the use

17  of excessive and unreasonable deadly force, PLAINTIFF was caused to

18  suffer physical, mental and emotional pain and suffering.

19    33.    No officer or person, other than PLAINTIFF, was injured during

20  the incident.

21    34.    Upon information and belief, the use of deadly force against

22  PLAINTIFF was excessive and objectively unreasonable under the

23  circumstances, especially because PLAINTIFF did not pose an immediate

24  threat of death or serious bodily injury to anyone, including OFFICER

25  DOES and SOBASZEK, at the time of the shooting, there were other

26  reasonable alternatives to the use of deadly force, and no verbal warning was

27  given to PLAINTIFF that deadly force would be used.

28

## **DAMAGES**

35.   PLAINTIFF repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

36.   After being shot in the back, PLAINTIFF fell violently face-first to the ground, complained that he was unable to breathe, and begged Defendants SOBASZEK and OFFICER DOES to not let him die. PLAINTIFF lay in a large pool of his own blood as Defendants SOBASZEK and OFFICER DOES delayed and denied him medical treatment, knowing that PLAINTIFF required immediate life-saving medical treatment.

37.   Paramedics arrived and were eventually permitted to treat PLAINTIFF and subsequently transport PLAINTIFF to Riverside University Health System Medical Center. PLAINTIFF was treated for multiple gunshot wounds and severe blood loss though emergency surgery.

38.   As a direct and proximate result of the intentional conduct, negligent conduct, reckless disregard, deliberate indifference and otherwise wrongful conduct of Defendants SOBASZEK and OFFICER DOES, Plaintiff HELMAN suffered and continues to suffer severe damages, including from the nature and extent of his injuries, his past and future disability, physical impairment, disfigurement, loss of enjoyment of life, mental, physical and emotional pain and suffering, inconvenience, grief, anxiety, humiliation, emotional distress, need for assistance with necessities of everyday life, and loss of ability to provide household services.

39.   The conduct of Defendants SOBASZEK, OFFICER DOES, and SUPERVISOR DOES was malicious, wanton, oppressive, and accomplished with a conscious disregard for PLAINTIFF'S rights in that PLAINTIFF'S constitutional rights were intentionally deprived and violated, and/or there was a reckless disregard for PLAINTIFF'S constitutional rights. As such, the conduct of Defendants as alleged herein entitles PLAINTIFF to an award of

exemplary and punitive damages from the individual officers. PLAINTIFF brings no action for punitive damages against Defendant CITY.

40.     Pursuant to 42 U.S.C. §1988(b), PLAINTIFF is entitled to recover reasonable attorney fees, costs, and interests incurred herein. Pursuant to Cal. Civ. Code §52.1, PLAINTIFF is entitled to recover civil penalties, costs, and reasonable attorney fees including treble damages. PLAINTIFF also seeks reasonable attorneys' fees pursuant to Cal. Code of Civ. Pro. §1021.5.

### FIRST CLAIM FOR RELIEF

**Violation of the Fourth Amendment—Unreasonable Search and Seizure—Excessive Force (42 U.S.C. §1983)**

(Against Defendant SOBASZEK)

41.     PLAINTIFF repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

42.     At all relevant times Defendant SOBASZEK acted under the color of state law and within the course and scope of his employment as a sworn police officer for Defendant CITY and the HPD.

43.     The Fourth Amendment of the United States Constitution, as applied to State Actors by the Fourteenth Amendment, provides the right of every person to be free from the use of excessive force by police officers.

44.     Defendant SOBASZEK used excessive and unreasonable deadly force against PLAINTIFF by firing lethal rounds at PLAINTIFF.

45.     At the time Defendant SOBASZEK used deadly force against PLAINTIFF, PLAINTIFF had not verbally or physically threatened any person, including OFFICER DOES and SOBASZEK, PLAINTIFF did not pose an immediate threat of serious bodily injury or death to OFFICER DOES or any other person, no warning was given to PLAINTIFF that force,

12

much less deadly force, would be used against him, and there were several reasonable and less-intrusive alternatives to the use of deadly force available to Defendants SOBASZEK and OFFICER DOES.

46.     Defendant SOBASZEK should have given PLAINTIFF commands and warnings, as well as time to comply with those commands and warnings, and attempted to de-escalate the situation prior to resorting to the highest level of force possible instead of escalating the situation and using deadly force against PLAINTIFF. SOBASZEK was or should have been trained that police officers should consider less intrusive force options where available and/or appropriate, and to only use deadly force when necessary to prevent an immediate threat of serious bodily injury or death to the officer or others. SOBASZEK had the time and ability to attempt voluntary compliance without resorting to physical force through de-escalation and tactical communication yet failed to do so.

47.     Upon information and belief, SOBASZEK had the opportunity to provide a verbal warning to PLAINTIFF but failed to do so prior to using deadly force against PLAINTIFF. SOBASZEK'S shooting of PLAINTIFF violated basic police officer training and standard law enforcement training.

48.     Defendant SOBASZEK caused PLAINTIFF'S various injuries as mentioned herein including by engaging in other acts and/or omissions around the time of the incident. SOBASZEK'S acts and omissions deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to State Actors by the Fourteenth Amendment.

49.     As a direct result of the aforementioned misconduct, acts and omissions of Defendant SOBASZEK, PLAINTIFF suffered significant physical and mental injury.

50.    The shooting was excessive and unreasonable, especially because PLAINTIFF posed no immediate threat of death or serious bodily injury to any person including Defendants SOBASZEK and OFFICER DOES or anyone else at the time of the shooting. Further, SOBASZEK'S shooting violated basic police officer training and standards, particularly since there were other reasonable alternatives available and no verbal warning that deadly force would be used was given to PLAINTIFF prior to SOBASZEK'S shots.

51.    SOBASZEK'S unjustified shooting deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to State Actors by the Fourteenth Amendment.

52.    The conduct of SOBASZEK as alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages in an amount according to proof.

53.    PLAINTIFF seeks compensatory damages, as well as reasonable attorneys' fees and costs under this claim.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment —Denial of Medical Care (42 U.S.C. §1983)

(Against Defendants SOBASZEK and OFFICER DOES)

54.    PLAINTIFF repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

55.    Defendants SOBASZEK and OFFICER DOES were acting under color of law and within the course and scope of their employment as police officers with the HPD and Defendant CITY.

56.     The delay and/or denial of medical care by SOBASZEK and OFFICER DOES deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to State Actors by the Fourteenth Amendment.

57.     Defendant SOBASZEK and OFFICER DOES failed to timely provide, call for, and/or allow medical care for PLAINTIFF after SOBASZEK used excessive and unreasonable deadly force against PLAINTIFF.

58.     Defendants SOBASZEK and OFFICER DOES observed and understood that PLAINTIFF required immediate emergency medical care and understood that failure to provide and/or allow timely medical treatment to PLAINTIFF could result in further significant injury or the unnecessary and wanton infliction of pain to PLAINTIFF, yet OFFICER DOES and SOBASZEK knowingly disregarded that serious medical need, causing PLAINTIFF great bodily harm.

59.     As a direct result of the aforesaid misconduct, acts and omissions of Defendants SOBASZEK and OFFICER DOES, PLAINTIFF suffered physical, mental, and emotional injury.

60.     The conduct of Defendants SOBASZEK and OFFICER DOES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to SOBASZEK and OFFICER DOES.

61.     As a result of their misconduct, SOBASZEK and OFFICER DOES are liable for PLAINTIFF'S injuries, either because they were integral participants in the wrongful detention, use of force, and denial of medical care, or because they failed to intervene to prevent these violations.

62.    PLAINTIFF seeks compensatory damages, as well as reasonable attorneys' fees and costs under this claim.

## **THIRD CLAIM FOR RELIEF**

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. §1983)**

(Against Defendants CITY and SUPERVISOR DOES)

63.    PLAINTIFF repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

64.    At all relevant times, Defendants SOBASZEK, OFFICER DOES and SUPERVISOR DOES were acting under color of law and within the course and scope of their employment as police officers with the HPD and Defendant CITY.

65.    At all relevant times, Defendants SOBASZEK, OFFICER DOES and SUPERVISOR DOES were acting pursuant to an expressly adopted official policy or a longstanding practice or custom of the HPD and Defendant CITY.

66.    On information and belief, Defendants SOBASZEK, OFFICER DOES and SUPERVISOR DOES were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with PLAINTIFF'S injury, harm, and damages.

67.    A municipality is liable for the constitutional deprivations of an individual where its officials or employees, acting under color of law, deprived a person of their particular rights under the U.S. Constitution and where either: the officials or employees acted pursuant to an adopted policy, custom, or practice; the acts of a final policy maker deprived a person of their Constitutional rights by knowing about and approving of an employee's acts or omissions; or the Constitutional deprivations were a result of the municipality's failure to train its employees to handle the usual and recurring

16

1  situations with which they must deal. *Monell v. Department of Social*
2  *Services*, 436 U.S. 658 (1978).

3       68.    On and for some time prior to and after December 7, 2023 (and
4  continuing to the present date), the Defendant CITY deprived PLAINTIFF
5  and other members of the public of their rights and liberties secured to them
6  by the Fourth and Fourteenth Amendments to the U.S. Constitution by
7  knowingly maintaining, enforcing, and applying the following
8  unconstitutional customs, policies, and practices:

9            a.    Using excessive force, including excessive deadly force.
10           b.    Providing inadequate training regarding the use of deadly force.
11           c.    Employing and retaining CITY and/or HPD sworn law
12                 enforcement officers, including SOBASZEK, OFFICER DOES
13                 and other HPD officers, whom Defendant CITY at all times
14                 material herein knew or reasonably should have known had
15                 dangerous propensities for abusing their authority and for
16                 mistreating citizens by failing to follow written CITY and/or
17                 HPD training concerning the use of force and deadly force.
18           d.    Inadequately supervising, training, controlling, assigning, and
19                 disciplining CITY and/or HPD police officers, including
20                 SOBASZEK and OFFICER DOES, concerning the use of force
21                 and deadly force.
22           e.    Maintaining grossly inadequate procedures for reporting,
23                 supervising, investigating, reviewing, disciplining, and
24                 controlling misconduct by SOBASZEK, OFFICER DOES, and
25                 other CITY and/or HPD police officers.
26           f.    Ratifying the misconduct and unlawful uses of excessive force
27                 by CITY and/or HPD police officers, including SOBASZEK,
28                 OFFICER DOES and other CITY and/or HPD police officers

17

(including but not limited to the misconduct and excessive force used by SOBASZEK and OFFICER DOES against and towards PLAINTIFF).

g.   Failing to discipline SOBASZEK, OFFICER DOES and other CITY and/or HPD police officers for conduct contrary to law and departmental training (including, but not limited to the misconduct and excessive force used by SOBASZEK and OFFICER DOES against and towards PLAINTIFF).

h.   Failing to re-train SOBASZEK, OFFICER DOES and other CITY and/or HPD police officers concerning the use of force and responding to calls for medical care even though numerous complaints of excessive force have been filed against CITY and/or HPD police officer, in the Superior Courts for the State of California and in the federal District Courts.

i.   Encouraging, accommodating, or facilitating a "thin blue line," "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simple "code of silence," pursuant to which CITY and/or HPD police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

j.   Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional.

1     k.    Refusing to discipline, terminate, or retrain the officers involved

2           in a use of force incident, even when the use of force is

3           determined in court to be unconstitutional.

4     l.    Maintaining a policy of inaction and an attitude of indifference

5           towards soaring numbers of police shootings, including by

6           failing to discipline, retrain, investigate, terminate, and

7           recommend officers for criminal prosecution who participate in

8           unreasonable shootings.

9     m.    Upon information and belief, Defendant CITY and/or the HPD,

10          have an unofficial policy, practice and/or custom of finding

11          almost all—if not all—of its officer involved shootings to be

12          within policy, of not disciplining its officers involved in

13          shootings, or not retraining or firing officers involved in

14          shootings, and of not recommending criminal charges against

15          their officers who are involved in excessive and unreasonable

16          officer-involved shootings. As a result, officers involved in uses

17          of excessive, unreasonable and deadly force are allowed back to

18          patrol the streets even though CITY and the HPD knew, or

19          should have known, that these officers have a propensity for

20          using excessive deadly force against the citizens that the

21          officers are supposed to protect and serve.

22    n.    Upon information and belief, as a result of CITY and HPD

23          policy, custom and/or practices, officers know that if they use

24          deadly excessive force against someone, they will not be

25          disciplined and their use of force will be found within policy,

26          which results in a significant number of CITY and/or HPD

27          officers being involved in numerous shootings. This policy,

28          custom and/or practice was established by supervising and

1    managerial employees of CITY and/or the HPD, specifically,

2    those employees tasked with determining whether officer-

3    involved shootings fall within policy, those employees

4    responsible for disciplining, retraining, and firing employees

5    who use excessive force, and for those employees responsible

6    for making recommendations of criminal charges being filed

7    against officers who use excessive deadly force.

8    o.   Upon information and belief, this policy, custom and/or practice

9    is long lasting and persistent, and existed well before

10    PLAINTIFF was wrongfully harmed by SOBASZEK,

11    OFFICER DOES and SUPERVISOR DOES. This policy,

12    custom and/or practice was established so that CITY and/or

13    HPD police officers do not bear responsibility for using

14    excessive, unreasonable and deadly force against the people that

15    they are supposed to serve and protect. This policy, custom

16    and/or practice exists so that the public does not have a negative

17    perception of CITY and the HPD, and so that CITY and the

18    HPD can avoid the repercussions associated with their police

19    officers' use of excessive, unreasonable and deadly force

20    against their citizens, including negative publicity, criminal

21    prosecution of the involved police officers, and avoiding civil

22    liability. A significant reason that this policy, custom and/or

23    practice was established was to avoid CITY and/or the HPD

24    being found liable, under a theory of vicarious liability, for the

25    uses of excessive, unreasonable and deadly force by their

26    employees. In other words, there is a large financial incentive

27    for CITY and the HPD to erroneously determine that most, if

28    not all, of its police officers' uses of excessive and deadly force

20

1    are within policy. If CITY or the HPD, through their respective

2    policymakers and supervisors, would admit that their police

3    officers were at fault for using excessive, unreasonable and

4    deadly force, then CITY and the HPD are well aware of how

5    much they would likely be required to spend on any associated

6    litigation.

7    p.   Maintaining inadequate training regarding these subjects. As a

8    result, the policies, customs, and practices of CITY and the

9    HPD were done with a deliberate indifference to individuals'

10    safety and rights.

11    69.   Based on information and belief, the following are only a few

12 examples of cases evidencing Defendant CITY'S unconstitutional policies,

13 where the involved officers were not disciplined, reprimanded, retrained,

14 suspended, or otherwise penalized in connection with the underlying acts

15 giving rise to the below lawsuits, which indicates that the CITY OF HEMET

16 routinely ratifies such behavior and maintains a practice of allowing such

17 behavior:

18    a.   *Drye v. City of Hemet*, Case No. 5:23-cv-02152-JGB-KK.

19    On February 21, 2023, a HPD police officer shot and killed

20    a father of five young children in his own backyard, even

21    though he was not committing a crime, was not suspected of

22    committing a crime, and was not an immediate threat of

23    death or serious bodily injury to the officer or any other

24    person. The officer also failed to give a warning that deadly

25    force would be used and had less intrusive alternatives

26    available to them. The case resolved with a seven-figure

27    settlement.

28

1
2
3
4
5
6
7
8
9
10
11
12
13

     b.   *Acosta v. City of Hemet, et al.*, Case No. 5:19-cv-00779-CJC. Defendant CITY settled with an unarmed man who was shot in the back by CITY/HPD officers. During the subject incident, HPD officers encountered the plaintiff in a truck near a business at which an alarm was going off. The officers saw the plaintiff begin slowly driving away, at which point one officer fired ten rounds at the plaintiff's truck. Another officer then intentionally crashed his vehicle into the plaintiff's truck, causing it to strike a pole. When the plaintiff exited the truck unarmed and began to run with his hands raised, a third officer shot him multiple times, including in the back, without warning. The case resolved with a seven-figure settlement.

14
15
16
17
18

     c.   *Erickson v. City of Hemet, et al.*, Case No. 5:19-CV-00779-CJC. Defendant CITY settled the plaintiff's claims arising from the use of a police K-9 against the plaintiff while he was unarmed and simply fleeing from HPD officers, causing serious and permanent bodily injury.

19
20
21
22
23
24
25
26
27
28

     d.   *In Re Franklin Edmond*. In October of 2021, HPD officers encountered the plaintiff in a store parking lot where he was allegedly panhandling and asked him to leave, which the plaintiff did. The plaintiff returned to the lot and HPD officers again responded and gave the plaintiff commands. The plaintiff began to again comply with the officers' commands, yet the officers grabbed him, punched him in the face, forced him to the ground, and restrained him without justification. The case resolved following a six-figure settlement prior to litigation.

PLAINTIFF'S COMPLAINT FOR DAMAGES

1    e. *Hereford v. City of Hemet*, Case No. 5:22-cv-00394-JWH-

2      SHK. In March of 2021, HPD officers stopped one of the

3      plaintiffs while he was in his parked car in front of his

4      fiancée's home and arrested him for driving with an

5      allegedly suspended license. The officers then began

6      searching his car, which his fiancée and her daughter began

7      to film. The officers responded by threatening his fiancée

8      and her daughter with arrest, knocking the daughter's phone

9      out of her hand, striking the fiancée, and causing the fiancée

10      a variety of injuries in her head, neck, shoulder, and back.

11      According to information and belief, this case is currently

12      pending in federal district court.

13    f. *Mendoza v. City of Hemet*, Case No. 5:21-cv-01134-JGB-

14      SHK. In May of 2020, the plaintiff — a small woman in

15      shorts and a t-shirt — was stopped while driving by HPD

16      officers. Seven officers drew their weapons and shouted

17      multiple commands to the plaintiff simultaneously.

18      Although confused, the plaintiff complied with their orders

19      the best she could and exited her vehicle with her hands

20      raised and slowly turned around. As she did so, she was

21      knocked to the ground by a less-lethal baton-projectile

22      round. The case resolved following a six-figure settlement.

23    g. *Ladafoged v. City of Hemet*, Case No. 5:19-cv-00903-SVW-

24      SHK. In August of 2018, HPD officers encountered the

25      plaintiff behaving erratically while standing on a balcony

26      and swinging a stick in the air. The officers responded by

27      releasing a K-9 dog to bite the plaintiff, then "Tased" him

28

PLAINTIFF'S COMPLAINT FOR DAMAGES

1  multiple times and hogtied him, resulting in his death. The

2  case resolved following a six-figure settlement.

3       h.  *Martin v. City of Hemet*, Case No. 5:18-cv-02377-JGB-KK.

4           In October of 2017, the plaintiff was stopped by officers in a

5           parking lot following a simple argument with his wife, who

6           was in her car nearby. When the plaintiff began to walk

7           away from the officers and his wife, the officers commanded

8           him to drop a small pocketknife he was holding. The

9           plaintiff placed his hands above his head in response. With

10          the plaintiff's hands raised and visible, two HPD officers

11          fired seven to ten shots at him, striking and nearly killing

12          him. The case resolved following a six-figure settlement.

13  70.  Defendants CITY and SUPERVISOR DOES, together with

14  various other officials, whether named or unnamed, had either actual or

15  constructive knowledge of the deficient policies, practices and customs

16  alleged in the paragraphs above. Despite having knowledge as stated above,

17  these CITY and SUPERVISOR DOES have condoned, tolerated and through

18  actions and inactions thereby ratified such policies. Said Defendants also

19  acted with deliberate indifference to the foreseeable effects and

20  consequences of these policies with respect to the constitutional rights of

21  PLAINTIFF and other similarly situated individuals.

22  71.  By perpetrating, sanctioning, tolerating, and ratifying the

23  outrageous conduct and other wrongful acts, SUPERVISOR DOES have

24  acted with intentional, reckless, and callous disregard for the PLAINTIFF'S

25  life and Constitutional rights. Furthermore, the policies, practices, and

26  customs implemented, maintained, and still tolerated by Defendants CITY

27  and SUPERVISOR DOES were affirmatively linked to and were a

28  significantly influential force behind PLAINTIFF'S injuries and damages.

72.     Defendant CITY'S actions and inactions as described above, including CITY'S unconstitutional customs, practices, and policies, caused the deprivation of PLAINTIFF'S rights by SOBASZEK and OFFICER DOES; that is, Defendant CITY'S unconstitutional customs, practices, and polices are so closely related to the deprivation of PLAINTIFF'S rights as to be the moving force that caused the ultimate injury.

73.     As a direct and proximate result of the aforementioned conduct, PLAINTIFF endured pain and suffering.

74.     Accordingly, Defendant CITY and SUPERVISOR DOES are liable to PLAINTIFF for compensatory damages under 42 U.S.C. §1983.

75.     PLAINTIFF seeks compensatory damages, as well as reasonable attorneys' fees and costs under this claim.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability for Ratification (42 U.S.C. §1983)

(Against Defendants CITY and SUPERVISOR DOES)

76.     PLAINTIFF repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

77.     At all relevant times, Defendants OFFICER DOES and SUPERVISOR DOES were acting under color of law and within the course and scope of their employment as police officers, employees, agents, and/or representatives for Defendant CITY and the HPD.

78.     The acts of Defendants OFFICER DOES, SOBASZEK, SUPERVISOR DOES and CITY deprived Plaintiff HELMAN of his particular rights under the United States Constitution.

79.     Upon information and belief, a final policymaker, including Defendants CITY and SUPERVISOR DOES, acting under color of law, has ratified unreasonable uses of force, including deadly force.

80.     Upon information and belief, a final policymaker, including Defendants CITY and SUPERVISOR DOES, had final policymaking authority concerning the acts of SOBASZEK and OFFICER DOES, and ratified their conduct and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of SOBASZEK'S and OFFICER DOES' conduct.

81.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants SOBASZEK and OFFICER DOES were "within policy," and have ratified multiple prior incidents of the use of excessive force, including excessive less-lethal force and deadly force.

82.     Defendant CITY'S unconstitutional ratification of SOBASZEK'S use of excessive and unreasonable deadly force caused the deprivation of PLAINTIFF'S rights; that is, Defendant CITY'S ratification is so closely related to the deprivation of PLAINTIFF'S rights as to be the moving force that caused the ultimate injury.

83.     Based on information and belief, Defendant CITY has a longstanding practice of unconstitutional policies, including to not discipline, reprimand, retrain, suspend, or otherwise penalize officers in connection with their underlying acts giving rise to Constitutional violations, which Defendant CITY routinely ratifies.

84.     As a direct and proximate result of the aforementioned conduct, PLAINTIFF has endured severe pain and suffering.

85.     Accordingly, Defendant CITY is liable to PLAINTIFF for compensatory damages under 42 U.S.C. §1983.

86.     Plaintiff seeks compensatory damages and reasonable attorneys' fees and expenses pursuant to 42 U.S.C. §1988.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **FIFTH CLAIM FOR RELIEF**

**Municipal Liability—Failure to Train (42 U.S.C. §1983)**

(Against Defendants CITY and SUPERVISOR DOES)

87.    PLAINTIFF repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

88.    At all relevant times, Defendants Officer DOES and Supervisor DOES acted under color of law and within the course and scope of their employment as HPD officers for Defendant CITY.

89.    The acts of Defendant Officers as described herein, deprived Plaintiff HELMAN of his particular rights under the United States Constitution, including when they unreasonably seized Plaintiff HELMAN, and used unreasonable force against Plaintiff HELMAN without justification, causing his injury, harm, and damages.

90.    On information and belief, Defendant CITY failed to properly and adequately train its HPD Officers, including Defendant Officers to handle the usual and recurring situations with which they must deal, including with regard to the use of force and deadly force generally, de-escalation techniques, tactical communication, and tactical positions. The training policies of Defendants CITY and Supervisor DOES were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

91.    On information and belief, the Defendant CITY failed to adequately train their officers not to shoot a person who is not an immediate threat of death or serious bodily injury and failed to train its officers in the appropriate tactics and in an effort to eliminate the use of force. As a result of this deficient policy and deficient training, the Defendant Officers used excessive and unreasonable force against Plaintiff, resulting in the injuries claimed in this lawsuit.

92.     Defendant CITY and Supervisor DOES were deliberately indifferent to the obvious consequences of its failure to train its officers adequately as described herein.

93.     The failure of Defendant CITY and Supervisor DOES to provide adequate training caused the deprivation of Plaintiff's rights by Defendant Officers; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiff HELMAN rights as to be the moving force that caused the ultimate injury.

94.     Based on information and belief, Defendant CITY has a longstanding unconstitutional policy of failing to adequately train its officers regarding the use of deadly force and de-escalation.

95.     As a direct and proximate result of the aforementioned conduct, Plaintiff HELMAN endured severe pain and suffering.

96.     Accordingly, Defendant CITY and Supervisor DOES are liable to Plaintiff HELMAN for compensatory damages under 42 U.S.C. §1983.

97.     Plaintiff HELMAN seeks compensatory damages. Plaintiff also seeks reasonable attorneys' fees and costs under this claim.


**<u>SIXTH CLAIM FOR RELIEF</u>**

**Battery (Cal. Govt. Code §§815, 820 and California Common Law)**

(By Plaintiff HELMAN against Defendant SOBASZEK directly; and CITY vicariously)

98.     PLAINTIFF repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

99.     At all relevant times Defendant Officers acted under the color of state law and within the course and scope of their employment with Defendant CITY.

28

100.   When Defendant Officers were detaining Plaintiff HELMAN, Plaintiff HELMAN was not verbally or physically threatening any person, including Defendants SOBASZEK and OFFICER DOES, and Plaintiff HELMAN never verbally threatened any person, including SOBASZEK and OFFICER DOES.

101.   Plaintiff HELMAN was not attempting, willing, or threatening to inflict harm to anyone. However, Defendant Officers unreasonably used force against Plaintiff HELMAN including when they repeatedly shot Plaintiff HELMAN without justification.

102.   The use of deadly force was excessive and objectively unreasonable, especially because throughout the incident, Plaintiff HELMAN presented no immediate threat to the safety of the Defendant Officers or others, including not an immediate threat of death or serious bodily injury to any Defendant Officer or other person, there were less lethal alternatives, no verbal warning was given, and the Defendant Officers were not responding to a call for service related to Plaintiff HELMAN. Further, Defendants' shooting, and use of force violated their training, standard law enforcement training, and generally accepted law enforcement standards.

103.   Defendant Officers had no legal justification for using force against Plaintiff HELMAN, and the use of force was unreasonable and non-privileged. Moreover, Plaintiff HELMAN did not knowingly or voluntarily consent to the use of force against him.

104.   Defendant Officers caused various injuries as mentioned herein and are liable either because they directly harmed Plaintiff HELMAN or by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident. Defendants' acts and omissions resulted in harmful and offensive touching of Plaintiff HELMAN.

PLAINTIFF'S COMPLAINT FOR DAMAGES

105.   As a direct and proximate result of the aforesaid acts and omissions of Defendant Officers, Plaintiff HELMAN suffered physical and mental injury, as well as fear and distress related to his physical injuries, pain and suffering, humiliation, anguish, and damages.

106.   The conduct of Defendant Officers was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff HELMAN, entitling Plaintiff HELMAN to an award of exemplary and punitive damages, which Plaintiff HELMAN seek under this claim.

107.   Defendant Officers are directly liable for their actions and inactions pursuant to Cal. Govt. Code §820(a).

108.   The Defendant CITY is vicariously liable for the wrongful acts and omissions of Defendant Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

109.   Plaintiff HELMAN seeks compensatory damages.


**SEVENTH CLAIM FOR RELIEF**

**Negligence (Cal. Govt. Code §§815, 820 and California Common Law)**

(By Plaintiff HELMAN against Defendant SOBASZEK directly; and CITY vicariously)

110.   PLAINTIFF repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

111.   At all relevant times Defendant Officers acted under the color of state law and within the course and scope of their employment with Defendant CITY.

112.   Peace Officers, including Defendant Officers, have a duty to use reasonable care to prevent harm or injury to others. This duty includes but is

not limited to the following: using appropriate tactics, giving appropriate commands, giving warnings, allowing time for the subject to understand and comply with appropriate commands and warnings, not using any force unless necessary, using less-intrusive options, acting objectively reasonable when using deadly force, only using deadly force as a last resort, and timely rendering medical care.

113.    Defendants breached this duty of care. The actions and inactions of Defendants were negligent and reckless, including but not limited to:

A.    Defendants' failure to constitutionally respond to Plaintiff HELMAN.

B.    Defendants' failure to properly and adequately assess the need to use force against Plaintiff HELMAN.

C.    Defendants' negligent tactics and handling of the situation with Plaintiff HELMAN, including the failure to de-escalate the situation.

D.    Defendants' negligent detention of Plaintiff HELMAN.

E.    Defendants' negligent use of force against Plaintiff HELMAN.

F.    Defendants' negligent denial or delay of medical care to Plaintiff HELMAN.

G.    Negligent tactics and handling of the situation with Plaintiff HELMAN, including pre-shooting negligence and the failure to give appropriate commands and warnings.

H.    Defendants' failure to properly train and supervise employees to meet the needs of and protect the rights of Plaintiff HELMAN.

I.    Defendants' failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff HELMAN.

J.    Defendants' negligent communication of information during the incident.

K.   Defendants' failure to properly report the incident.

L.   Defendants' failure to de-escalate the situation and use proper communication and commands.

114. As a result of their misconduct, Defendants are liable for Plaintiff HELMAN injuries on this claim, either because they were integral participants in the aforementioned conduct, or because they failed to intervene to prevent these violations.

115. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff HELMAN was caused to suffer pain and suffering.

116. Pursuant to Cal. Gov't Code §820(a), "a public employee is liable for injury caused by his act or omission to the same extent as a private person."

117. A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code §815.2(a). Defendant CITY is vicariously liable under California law and the doctrine of *respondeat superior*.

118. Plaintiff HELMAN seek attorneys' fees under this claim pursuant to Cal. Code of Civ. Pro. §1021.5 for enforcement of the important rights effecting the public interest that Plaintiff, and those similarly situated have to a right to be secure in their person from the use of unreasonable force and the right to be free from intimidation and physical assault by police.

119. Defendant Officers are directly liable for their actions and inactions pursuant to Cal. Govt. Code §820(a).

120.   Plaintiff HELMAN seeks compensatory damages under this claim. Plaintiff also seeks reasonable costs and expenses for this claim.

## EIGHTH CLAIM FOR RELIEF

### Violation of the Bane Act (Cal. Civil Code §52.1)

(By Plaintiff HELMAN against Defendant SOBASZEK directly; and CITY vicariously)

121.   PLAINTIFF repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

122.   At all relevant times Defendant Officers acted under the color of state law and within the course and scope of their employment with Defendant CITY.

123.   California Civil Code, Section 52.1, prohibits any person, including a police deputy, from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion, including using unconstitutionally excessive force. Conduct that violates the Fourth Amendment, including the use of excessive force, violates the Bane Act when performed with specific intent to deprive others of their civil rights, which can be inferred by a reckless disregard for the person's civil rights.

124.   Defendant Officers, while working for the Defendant CITY and acting within the course and scope of their duties as officers and under color of law, intentionally committed, and attempted to commit acts of violence against Plaintiff HELMAN, including by intentionally and repeatedly shooting Plaintiff HELMAN and otherwise using unreasonable force against Plaintiff HELMAN. This shooting was excessive and objectively unreasonable and especially reckless because Plaintiff HELMAN was not attempting to harm any person, was not being assaultive or resistive, and

33

Plaintiff HELMAN did not pose an immediate threat of death or serious bodily injury to any person. Further, the Defendants' use of force violated basic law enforcement training, and generally accepted law enforcement standards. Defendants shot Plaintiff HELMAN without any legal justification.

125.  When Defendant Officers repeatedly shot Plaintiff HELMAN while Plaintiff HELMAN was not an immediate threat of death or serious bodily injury, they interfered with Plaintiff HELMAN constitutional rights to be free from unreasonable searches and seizures to equal protection of the laws, to be free from state actions that shock the conscience, and to life, liberty, and property.

126.  On information and belief, Defendant Officers intentionally, and spitefully committed the above acts to discourage or prevent Plaintiff HELMAN from exercising his civil rights, or from enjoying such rights, which he was and is fully entitled to enjoy. Defendant Officers intentionally interfered with the above constitutional rights of Plaintiff HELMAN, and as alleged herein, which can be demonstrated by Defendants' reckless disregard for Plaintiff HELMAN constitutional rights.

127.  On information and belief, Plaintiff HELMAN reasonably believed and understood that the violent acts committed by Defendant Officers were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

128.  The conduct of Defendant Officers was a substantial factor in causing Plaintiff HELMAN harm, loss, injury, and damages.

129.  The Defendant CITY is vicariously liable for the wrongful acts of Defendant Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the

34

injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

130. Defendants CITY and DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

131. The conduct of Defendant Officers was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff HELMAN rights, justifying an award of exemplary and punitive damages as to Defendant Officers

132. Plaintiff HELMAN seeks compensatory damages for the violations of Plaintiff's rights. Plaintiff also seeks punitive damages, costs, and attorney's fees under California Civil Code section 52 *et seq*. as to this claim. Plaintiff also seeks punitive and treble damages under this claim.

/ / /

PLAINTIFF'S COMPLAINT FOR DAMAGES

1

## **PRAYER FOR RELIEF**

2          WHEREFORE, Plaintiff HELMAN requests entry of judgment in his favor

3    against Defendants CITY OF HEMET; PATRICK SOBASZEK; and DOES 1-10,

4    inclusive, as follows:

5          1.      For general and special compensatory damages, according to proof at

6    trial, under Federal and State law.

7          2.      For punitive and exemplary damages against the individual

8    Defendants in an amount to be proven at trial.

9          3.      For statutory damages and civil penalties.

10          4.      For reasonable attorneys' fees including litigation expenses and treble

11    damages under Federal and State law.

12          5.      For costs of suit and interest incurred herein.

13          6.      For such further relief at law or equity as the Court or jury may deem

14    just and appropriate.

15
16    Dated: October 17, 2024          **LAW OFFICES OF DALE K. GALIPO**
                                       **LAW OFFICES OF GRECH & PACKER**
17
18                                     _/s/_      _Marcel F. Sincich_
                                       Dale K. Galipo, Esp.
19                                     Marcel F. Sincich, Esq.
                                       Trent C. Packer, Esq.
20                                     _Attorneys for Plaintiff_
21
22
23
24
25
26
27
28

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby submits this demand that this action be tried in front of a jury.

Dated: October 17, 2024   **LAW OFFICES OF DALE K. GALIPO**
             **LAW OFFICES OF GRECH & PACKER**

            */s/  Marcel F. Sincich*
            Dale K. Galipo, Esp.
            Marcel F. Sincich, Esq.
            Trent C. Packer, Esq.
            *Attorneys for Plaintiff*

PLAINTIFF'S COMPLAINT FOR DAMAGES