**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**LAW OFFICES OF GRECH, PACKER & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* TIMOTHY HELMAN

Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Andrea Kornblau (State Bar No. 291613)
*andrea.kornblau@manningkass.com*
Khouloud Pearson (State Bar No. 323108)
*Khouloud.Pearson@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

*Attorneys for Defendants*, CITY OF HEMET and PATRICK SOBASZEK

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HELMAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HEMET; PATRICK SOBASZEK; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 5:24-cv-02209-JGB-DTB<br><br>[*Honorable Jesus G. Bernal*<br>Magistrate Judge David T. Bristow]<br><br>**JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT**<br><br>**Scheduling Conference**<br><br>TBD |

Pursuant to Federal Rule of Civil Procedure 26(f), the parties submit the following report, by and through their respective counsel of record.

**A.     Statement of the Case:**

    **1.     Plaintiff's Short Synopsis of Claims:**[1]

This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law including for in connection with the excessive and unreasonable shooting of Plaintiff Timothy Helman by Defendant City of Hemet Police Department ("HPD") Officer Patrick Sobaszek, on December 7, 2023, at approximately 7:30 p.m., at or around Florida Ave, between 4th Street and 1st Street, Hemet, California 92545, in the County of Riverside, California. In an unmarked vehicle and wearing plain clothes, Defendant Sobaszek and his partner approached Plaintiff. Defendant Sobaszek was not responding to a call for service or a serious or violent crime. After a brief foot pursuit, Defendant Sobaszek used excessive and unreasonable deadly force against Plaintiff, who was not an immediate threat of death or serious bodily injury to any person.

On October 17, 2024, Plaintiff filed his Complaint for Damages. (Doc. 1.) On November 26, 2024, the Defendants filed their Answer. (Doc. 11.) Plaintiff brings the following claims for relief against Defendants pursuant to 42 U.S.C. §1983: (1) Fourth Amendment Excessive Force; (2) Denial of Medical Care; (3) Unconstitutional Custom, Practice, or Policy; (4) Ratification; and (5) Failure to Train. Plaintiff brings the following claims for relief pursuant to state law: (6) Battery; (7) Negligence; and (8) Violation of the Bane Act (Cal. Civ. Code § 52.1).

    **2.     Defendants' Statement of the Case:**

On the evening of December 7, 2023 at approximately 1930 hours, Officers were patrolling the area of Highway 74 and Fairview Avenue in Hemet, CA wearing

---

[1] These facts are alleged without the benefit of Defendants' Rule 26 disclosures and some of these facts (identified by the Complaint) are alleged on information and belief.

vests marked to identify them as police officers. The officers received information that a known felon probationary, Timothy Helman, also known as "Wolf" was seen around the neighborhood armed with a handgun. Officers observed Mr. Helman on the south side of the roadway and activated the police vehicle emergency lights as they exited the vehicle. Mr. Helman began to run eastbound, along the south side of the roadway and officers initiated a foot pursuit for approximately 30-40 yards into a parking area located in front of the Mickey's liquor store.

Officers observed Mr. Helman reach into his front waistband and yelled commands to stop doing so. Mr. Helman did not comply with the commands and pulled a handgun out of his waistband turned and pointed the barrel of the gun in the direction of the officers. Shots were fired and Mr. Helman fell to the ground still in possession of the handgun. Officers made several commands to Mr. Helman to drop his handgun and were able to eventually slide the gun away from Mr. Helman's body. Mr. Helman was taken into custody and was provided medical care on scene by the officers until paramedics arrived taking over care and eventually transporting Mr. Helman to the Riverside University Health System Medical Center in Moreno Valley. Mr. Helman was treated for a gunshot wound to his back and right shoulder.

A 9mm semiautomatic handgun was recovered from the ground near where Helman fell. The gun contained a loaded magazine with seven (7) live rounds of 9mm ammunition. The gun did not have a round in the chamber when it was recover and did not have a serial number. An additional 11 rounds of live 9mm ammunition was recovered from Helman's clothing.

**B.   Subject Matter Jurisdiction:**

The Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. §1983 and the Fourth, and Fourteenth Amendments of the United States Constitution. This Court has supplemental

jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

**C.   Legal Issues:**

The key legal issue in this case as follows: (1) whether Defendant Sobazsek used excessive force against decedent within the meaning of the Fourth Amendment; (2) whether the Defendants denied decedent medical care; (3) whether Defendant City maintained an unconstitutional custom, practice, or police, (4) whether Defendant City ratified a constitutional violation; (5) whether Defendant City failed to properly train it officers; (6) whether Defendant Sobazsek committed battery upon Plaintiff; (7) whether Defendants were negligence towards Plaintiff; (8) whether Plaintiff's rights under California's Bane Act (Cal. Civ. Code §52.1) were violated by Defendants; (9) the nature and extent of Plaintiffs damages; and (10) whether any individual Defendant's conduct gives rise to punitive damages.

**D.   Parties, Evidence, etc.:**

   **1.   Parties:**

      Plaintiff:   TIMOTHY HELMAN.

      Defendants: CITY OF HEMET; PATRICK SOBASZEK; and DOES 1-10, inclusive.

   **2.   Percipient Witnesses:**

      a)   PLAINTIFF

Besides the individual Defendant Officer Patrick Sobaszek and his partner Sean Irick, the names of percipient witnesses to the shooting incident are unknown to Plaintiff at this time. Plaintiff believes that Defendants are in possession of records that indicate all known percipient witnesses.

      b)   DEFENDANTS

The PARTIES, and all witnesses as listed by Plaintiff. Additional non-percipient witnesses may include expert witnesses and witnesses on Plaintiff's damages. Given that discovery has not yet been completed, the parties have not yet identified all witnesses.

**3.      Key Documents on the main issues:**

   a)   PLAINTIFF

Relevant portions of any audio or video recording of the incident, including transcripts thereof; relevant portions of audio/video recordings and transcripts of involved officer/official statements to investigators related to the incident; relevant portions of audio/video recordings and transcripts of percipient witness statements to investigators related to the incident; relevant portions of reports, diagrams, evidence collected, and analysis thereof, related to the incident; relevant photographs of the scene, involved officers, evidence collected, medical records and injuries suffered by Plaintiff caused by Defendants; Defendants' policies, procedures, and training documents. Plaintiff will also seek Defendants' training and personnel records.

   b)   DEFENDANTS

- Documents as listed by Plaintiff;
- Deposition transcripts of the Plaintiffs and witnesses;
- Responses to written discovery;
- Plaintiff's medical records ;and
- Prior arrest records of the Plaintiff;

**4.      Damages:**

Plaintiff believes that a realistic range of damages cannot be ascertained at this time without expert evaluation and opinion. However, based on his severe pain and suffering endured as a direct result of Defendant Sobaszek shooting him, Plaintiff contends that a reasonable jury could award Plaintiff in excess of $10 million.

Defendants deny all liability and wrongdoing for any and all of Plaintiffs claims. Defendants further deny that Plaintiff has suffered any damages.

**E.    Insurance:**

Defendants are self-insured under the Government Code. See, California Government Code § 989 et seq.

**F.    Procedural Motions:**

Per Plaintiff, after review of the discovery material, which has not yet been provided, Plaintiff will be able to determine the identity of any City official involved and whether there were any other officials who used excessive or unreasonable force against Plaintiff, and/or ascertain the names of those officers, official, and/or individuals who denied Plaintiff medical care and/or used force against or otherwise violated the rights of Plaintiff. Depending on that review, Plaintiff anticipates amending the pleadings to name of DOE defendants, including any additional allegations if the documents produced during discovery by Defendants reveal that other officers, official, and/or individual were integral participants in, failed to intervene in, or were somehow otherwise responsible for the violation of Plaintiff's constitutional and state law rights.

Defendants intend to file motions for summary judgment or adjudication of the issues, potentially including on the basis of qualified immunity and/or time-bar arising from the operative statute of limitations;

Defendants also intend to file Motions in limine, potentially including Daubert motions in limine; and other pretrial and/or post-trial motions as may be appropriate.

**G.    Manual for Complex Litigation:**

This case does not require utilization of the Manual For Complex Litigation.

**H.     Status of Discovery:**

Plaintiff anticipates serving written discovery, including interrogatories, requests for admission, and requests for production on the issues of liability of unreasonable and excessive force, denial of medical care, and *Monell* liability. Plaintiff anticipates taking the deposition upon oral examination of the involved officers present at the scene, medical personnel, and percipient witnesses, and persons most knowledgeable; of whom are not yet identified.

Defendants are preparing and will be serving written discovery, including requests for production of documents, interrogatories, and requests for admission.

Defendants also anticipate taking depositions of plaintiff's percipient witnesses and expert witnesses.

The parties do not anticipate any other changes to the limitations on discovery imposed by the Federal Rules at this time.

**I.     Discovery Plan:**

Pursuant to Rule 26(f), the parties have conducted conference of counsel, discussed timing of initial disclosures, a mutually agreed upon discovery plan, and the possibility of prompt resolution of the case. The parties have agreed to mutually serve their initial disclosures in accordance with Fed. R. Civ. P. 26(a)(1)(C), on January 31 2025.

    a)     PLAINTIFF

The Plaintiff will seek discovery on the City's manuals in effect at the time of the incident, prior complaints against the Defendant officers and lawsuits against the City, training given to the Defendant officer both before and after the incident, and whether the Defendant officer was disciplined or reprimanded in any way as a result of the incident.

The Plaintiff will conduct discovery regarding the facts and circumstances of the incident that forms the basis of this lawsuit related to Plaintiff's claims as set forth above, including regarding the facts and circumstances of the officer involved shooting. Plaintiff will conduct discovery regarding the Defendant officer's background and training, and the Defendants' policies and training related to officer involved shootings and the investigation thereof. The Plaintiff will also conduct discovery related to Plaintiff's alleged damages, and punitive damages.

The Plaintiff proposes that discovery be conducted in two phases: (1) non-expert fact discovery and (2) expert discovery.

The Plaintiff does not anticipate any other changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by Local Rules.

The Plaintiff contends that a Stipulated Protective Order with the Honorable Magistrate Judge David T. Bristow should be filed.

The Plaintiff does not anticipate any issues regarding disclosure, discovery, and preservation of electronically stored information.

Plaintiff will meet-and-confer on any discovery issues and any potential Rule 29 stipulations as may be appropriate.

b)   DEFENDANTS

Defendants will seek a protective order from the Magistrate Judge to cover discovery and exchange of confidential information.

FRCP 26(f)(3)(A):

Defendants do not anticipate deviating from the requirements FRCP 26(a) and initial disclosures shall be filed forthwith.

FRCP 26(f)(3)(B):

Defendants intend to take depositions of any expert or witness identified by the other parties. Defendants anticipate a lengthy discovery process owing to the availability of all counsel.

FRCP 26(f)(3)(C):

Defendants do not see any issues with electronically stored information pursuant to Rule 26(0(3)(c) in this case.

FRCP 26(f)(3)(D):

Defendants will seek a protective order from the Magistrate Judge to cover discovery and exchange of confidential information.

FRCP 26(f)(3)(E):

Defendants do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time.

**J.    Discovery Cut-Off:**

D/L to Complete Fact Discovery                November 3, 2025

**K.    Expert Discovery:**

Initial Expert Disclosure Due                 January 2, 2026

Rebuttal Expert Disclosure Due                February 2, 2026

Expert Discovery Cut-Off:                     March 2, 2026

**L.    Dispositive Motions:**

The parties agree and request that for any motion made pursuant to F.R.C.P. 56, the opposing party shall have two weeks to prepare and file their opposition papers, which is reflected in the proposed dates within "Exhibit A."

**1.    Plaintiff's statement regarding dispositive motions.**

Plaintiff believes that the Defendants' liability for excessive force may be determined by motion for summary judgement. Plaintiff reserves the right to file a motion for summary judgment/adjudication in Plaintiff's favor and would oppose any dispositive motion.

Plaintiff believes that there may be issues to be determined by motion *in limine* based on information attained during discovery, including information

unknown to the Defendant Officers at the time.

**2. Defendants' statement regarding dispositive motions.**

Defendants anticipate bringing dispositive motions, including a Motion for Summary Judgment. or adjudication of the issues, on the basis of qualified immunity and/or time-bar arising from the operative statute of limitations;

Defendants also intend to file Daubert motions in limine; and other pretrial and/or post- trial motions as may be appropriate.

Defendants further anticipate bringing motions in limine based on the claims and damages remaining at trial.

**M.  Settlement / Alternative Dispute Resolution (ADR):**

The parties have not yet engaged in substantive settlement discussions. The parties propose the mediation cutoff set forth in "Exhibit A" below.

Plaintiff is willing to engage in early mediation.

Plaintiffs propose Private Mediation.

Defendants propose the Attorney Settlement Officer Panel as outlined below and recommend the selection of Richard Copeland.

The parties agree to ADR Procedure No. 02 and will participate in a mediation with a neutral selected from the Court Mediation Panel, pursuant to Civil Local Rule 16-15.4 and General Order 11-10. Should the parties later agree that private mediation is more appropriate, the parties will file a Stipulation to Amend the Scheduling Order.

**N.  Trial Estimate:**

The parties believe that this case can be tried in five (5) to eight (8) days, including voir dire, opening statements, closing arguments, and time reasonably anticipated that will be spent on discussions regarding jury instructions and verdict forms outside the presence of the jury.

Plaintiff contemplates calling approximately ten (10) to thirteen (13) witnesses for liability and damages.

Defendants anticipate calling approximately 10 witnesses depending on the number of experts designated and number of witnesses developed during discovery.

**O.  Trial Counsel:**

Plaintiff: Dale K. Galipo (Lead) and Marcel F. Sincich of the Law Offices of Dale K. Galipo, and Trenton C. Packer of the Law Offices of Grech & Packer.

Defendants: Eugene P. Ramirez (Lead), Andrea Kornblau, and Khouloud Pearson of Manning & Kass, Ellrod, Ramirez, Trester LLP.

**P.  Independent Expert or Master:**

This is not a case that requires appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

**Q.  Timetable:**

See "Exhibit A."

**R.  Other Issues:**

The parties do not anticipate any issues regarding disclosure, discovery and preservation of electronically stored information.

The parties do not anticipate any issues about claims for privilege or of protection as trial-preparation materials. However, the parties have agreed to submit a stipulation requesting a Protective Order concerning documents that the parties contend are confidential.

The parties have considered the prospects of exercising their right under 28 U.S.C § 636(c) to consent to designation of a Magistrate Judge to conduct all

proceedings (including trial) and final disposition. Plaintiff does not consent to Magistrate Judge jurisdiction over this matter. Defendants concur.

**Respectfully submitted,**

DATED: January 17, 2025

**LAW OFFICES OF DALE K. GALIPO**
**LAW OFFICES OF GRECH, PACKER & HANKS**

By: /s/      *Marcel F. Sincich*
Dale K. Galipo, Esq.
Marcel F. Sincich, Esq. [2]
Trenton C. Packer, Esq.
*Attorneys for Plaintiff* TIMOTHY HELMAN

DATED: January 17, 2025

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/      *Khouloud Pearson*
Eugene P. Ramirez
Andrea Kornblau
Khouloud Pearson
Attorneys for Defendants, CITY OF HEMET and PATRICK SOBASZEK

---

[2] I, Marcel F. Sincich, hereby attest that all the signatories listed, and on whose behalf the filing is submitted, concur in the content of this Joint Scheduling Conference Report and have authorized its filing.

# JUDGE JESUS B. BERNAL
# EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 5:24-cv-02209-JGB-DTB |
|---|---|
| Case Name | *HELMAN v. CITY OF HEMET and PATRICK SOBASZEK* |

| Matter | Plaintiff's Request | Defendants' Request | Court's Order |
|---|---|---|---|
| ☒Jury Trial or ☐Court Trial **(Tuesday at 9:00 a.m.)** Length: 5-8 Days | 06/29/2026 | same | |
| Final Pretrial Conference [L.R. 16] and Hearing on Motions *In Limine* **(Monday − two (2) weeks before trial date)** | 06/15/2026 | same | |
| Last Date to Conduct Settlement Conference | 04/30/2026 | same | |
| Last Date to *Hear* Non−discovery Motions (Monday at 9:00 a.m.) | 04/13/2026 | same | |
| Last Date to File Dispositive Motions | 03/09/2026 | same | |
| Expert Discovery Cut-Off | 03/02/2026 | same | |
| Expert Disclosure (Rebuttal) | 02/02/2026 | same | |
| Expert Disclosure (Initial) | 01/02/2026 | same | |
| Fact Discovery Cut−Off (including hearing fact discovery motions) | 11/03/2025 | same | |
| Last Date to Amend Pleadings or Add Parties | 04/30/2025 | 02/17/2025 | |

ADR [L.R. 16-15] Settlement Choice:

☒ Attorney Settlement Officer Panel

☐ Private Mediation

☐ Magistrate Judge